**Commonwealth v. Dougalewicz**

C.P. of Lawrence County, No. 514 of 2009, C.R.

*Jonathan R. Miller,* for Commonwealth
*David H. Acker,* for defendant

PICCIONE, *J.,* February 13, 2013—Before the court for disposition is defendant's supplemental motion to suppress. Ronald Lee Dougalewicz, Jr. (hereinafter, "defendant") is charged with statutory sexual assault (18 Pa.C.S.A. § 3122.1), aggravated indecent assault (18 Pa.C.S.A. § 3125(a)(8)), corruption of minors (18 Pa.C.S.A. § 6301(a)(1)), unlawful contact with a minor (18 Pa.C.S.A. § 6318(a)(1)), indecent assault (18 Pa.C.S.A. § 3126(a)(8)), and possession of child pornography (18 Pa.C.S.A. § 6312(d)(1)).

A brief summary of the facts alleged indicates that two juvenile females gave written statements and told Officer Mrozek of the Union Township Police Department of a sexual relationship between the 14-year-old alleged victim and the 37-year-old defendant, the victim's softball coach. The girls indicated that defendant digitally penetrated the victim's vagina one night and had unprotected sexual intercourse with the victim the following night. They also stated that defendant and the victim regularly exchanged text messages, including nude and partially nude pictures of the victim. The interview concluded with the girls providing Officer Mrozek with the names of two other

juvenile females that may have further information about the relationship between defendant and the victim.

On March 27, 2009, Officer Mrozek interviewed the other two juvenile females, who also gave written statements. One of the girls described an increasingly personal relationship between defendant and the victim. The other girl indicated that defendant and the victim had sex on March 14, 2009. She also confirmed seeing nude photos of the victim that were to be sent to defendant. She also stated that defendant and the victim "supposedly had sex" on another night in a vehicle owned by a family friend and that a police officer stopped the vehicle at some point during that evening. Officer Al DeCarbo of the Neshannock Township Police Department verified that he stopped defendant and a female on March 14, 2009 at 12:54 a.m.

On April 20, 2009, a forensic interview of the victim was conducted by Janice Wilson of the Children's Advocacy Center of Lawrence County. During the interview, the victim disclosed that defendant digitally penetrated her vagina and had sexual intercourse with her. It was also determined from the interview that the alleged crimes did not occur within Union Township. As a result, Officer Mrozek turned over the investigation to the state police. On April 22, 2009, Troopers Harry Gustafson and Troy Steinheiser of the Pennsylvania State Police interviewed the victim. She stated that she visited defendant's home on March 13, 2009. Later that night, she left with defendant so that defendant could drive her home. On the way, they stopped in a private driveway on Mathews Road,

and defendant digitally penetrated her vagina. Shortly thereafter, they left and were stopped by the police. Defendant then returned the victim to his house, where she spent the night. When the victim awoke the next morning, defendant asked her whether they were going to finish what they started, to which the victim replied yes. Later that evening on March 14, 2009, defendant picked up the victim in his Hummer and found a secluded place to park. Both got into the back seat of the vehicle, where they had sexual intercourse. Defendant then drove the victim home. During the interview, the victim stated that she also sent defendant a partially nude photo of herself via cell phone. She indicated that defendant encouraged her to send additional nude photos, and the victim complied. A search of defendant's phone records confirmed the victim's account. The victim also stated that she omitted details of the incidents during the interview with Ms. Wilson in order to protect defendant.

On April 27, 2009, Trooper Gustafson filed charges of statutory sexual assault, aggravated indecent assault, corruption of minors, unlawful contact with minor, and indecent assault against defendant. A preliminary hearing was held on May 5, 2009 in which the district judge ordered that the charges be bound over to this court. On September 29, 2009, Trooper Gustafson filed charges of possession of child pornography and corruption of minors against defendant.

On June 1, 2010, the court held another hearing, and the Commonwealth presented the warrants as well as testimony from Officer Mrozek. The Commonwealth's

evidence indicated that Officer Mrozek applied for the first search warrant at docket number MD 23-09 on March 24, 2009. On that same date, Magisterial District Judge Jennifer Nicholson issued the search warrant, and Officer Mrozek sent the warrant to Verizon and Sprint PCS cell phone companies. Sprint received the warrant and issued the phone records for phone number 724-640-7177; however, Verizon "kicked back" the warrant and requested another warrant with the cell phone company's correct designation, "Cellco Partnership d/b/a Verizon Wireless." Officer Mrozek obtained a second search warrant containing the requested corrections at docket number MD 25-09 on April 1, 2009. The warrant was sent to Verizon, which subsequently issued the phone records for phone number 724-674-1064.

The defendant previously filed a motion to suppress arguing that the above warrants were invalidly obtained due to insufficient probable cause. This court denied that motion by order of court and opinion dated June 23, 2010. In that opinion, this court found that the warrants were obtained with sufficient probable cause to satisfy the requirements set forth by the constitutions of this Commonwealth and of the United States. Although the defendant incorporates those arguments in the instant supplemental motion to suppress (hereinafter, the "motion"), this court will not address those particular arguments again. Instead, this court relies on its June 23, 2010 opinion for analysis of those issues.

The defendant filed the instant motion wherein he argues that the search warrants issued to obtain the telephone

records were invalid because they were issued for entities outside the territorial jurisdiction of the Commonwealth of Pennsylvania and were therefore in violation of the Stored Communication Act (hereinafter, the "act"), codified at 18 U.S.C. §§ 2701-2712. The defendant argues that the act creates a reasonable expectation of privacy in stored electronic communications, and, as a result, the search warrants violated his rights pursuant to Article I, Section 8 of the Constitution of the Commonwealth of Pennsylvania.

The defendant's arguments are based upon violations of the act, which provides in relevant part that "whoever ... intentionally accesses without authorization a facility through which an electronic communication service is provided ... and thereby obtains ... authorized access to a[n] ... electronic communication while it is in electronic storage in such system shall be punished as provided" in the act. 18 U.S.A. § 2701(a)(1). The act authorizes the government to require disclosure of stored electronic communications. *Id.* at § 2703. The defendant first argues that the warrants were issued in violation of the act because they were issued by a magisterial district judge rather a federal magistrate, a federal district court, or an equivalent Pennsylvania court as proscribed in section 2711 of the act.

Even assuming hypothetically that the defendant's assertions were correct, a violation of the act is of no consequence to the instant motion. The act does not provide for a suppression remedy. *See* 18 U.S.C. § 2708 ("The

remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter."); *United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998) ("The Stored Communications Act does *not* provide for an exclusion remedy. It allows for civil damages ... and criminal punishment ... but nothing more.") (emphasis in original); *see also U.S. v. Ferguson*, 508 F.Supp.2d 7, 10 (D.D.C. 2007); *Bansal v. Russ*, 513 F.Supp.2d 264, 277 n.6 (E.D. Pa. 2007). As a result, this court will not further address the merits of the defendant's assertion that the warrants were obtained in violation of the act as it is inconsequential to the instant motion.

The defendant also generally argues that the telephone evidence should be suppressed because the search warrants were issued in violation of Pennsylvania law. The Commonwealth argues, and this court agrees, the warrants were properly obtained using the procedures set forth under the Pennsylvania Rules of Criminal Procedure. Pennsylvania has enacted its own statute to prohibit the illegal access of electronic communication. The Wiretapping and Electronic Surveillance Act (hereinafter, the "WESA") provides that "It is an offense to obtain, alter or prevent authorized access to a wire or electronic communication while it is in electronic storage by intentionally: (1) accessing without authorization a facility through which an electronic communication service is provided." 18 Pa.C.S.A. § 5741(a). Section 5743 of the WESA provides for the requirements for governmental access to the contents of communications in electronic storage. 18 Pa.C.S.A. § 5743. This section provides the

following:

> (a) Contents of communications in electronic storage. — Investigative or law enforcement officers may require the disclosure by a provider of communication service of the contents of a communication which is in electronic storage in a communication system for:

> (1) One hundred eighty days or less only pursuant to a warrant issued under the Pennsylvania Rules of Criminal Procedure.

> (2) More than 180 days by the means available under subsection (b).

18 Pa.C.S.A. § 5743(a). Just as the federal act provided for exclusivity of remedies for a violation of the act, the WESA provides that only those remedies and sanctions provided within the WESA are available for a violation. 18 Pa.C.S.A. § 5478. The only remedy the WESA provides for an individual aggrieved by a violation of the statute is a civil action. As a result, suppression of the evidence obtain as a result of a violation of the statute is not available to an aggrieved party. Just as stated above regarding the federal Act, it is inconsequential to the instant motion to discuss the merits of the defendant's assertion that the search warrants were obtained in violation of Pennsylvania law. Based on the foregoing, the defendant's supplemental motion to suppress is denied.

## ORDER OF COURT

And now, February 13, 2013, these cases being before the court on October 24, 2012 regarding the defendant's

supplemental motion to suppress, with Assistant District Attorney Jonathan R. Miller, Esquire, appearing on behalf of the Commonwealth, and David H. Acker, Esquire, appearing on behalf of the defendant, and upon a complete and thorough review of the applicable record, it is hereby ordered and decreed as follows:

1. The defendant's supplemental motion to suppress is denied pursuant to the attached opinion.

2. The clerk of courts shall properly serve notice of this order and opinion upon counsel of record; and if a party has no counsel, then upon said party at his last known address as contained in the court's file.